*J. H. Bradley*, for the plaintiffs.

*Margin:* Nov. Term, 1845.

Hovey v. Morris.

---

## Hovey and Wife *v.* Morris.

A petition, which was sworn to, for a writ of *habeas corpus*, stated that the petitioner was the guardian, &c., of a certain infant; that the infant was the daughter of one *A.*, deceased, and his wife *Abigail* who had, after her said husband's death, married *Lorenzo D. Hovey*; that the infant was, by said

## 560　　　　　CASES IN THE SUPREME COURT

Nov. Term,
1845.

Hovey
v.
Morris.

*Lorenzo* and wife, illegally restrained of her liberty, and detained from the custody of the petitioner. The petition prayed that the writ be directed to said *Lorenzo* and wife, commanding them to have the infant before the Court, &c. The writ was granted accordingly. *Held*, that the facts stated in the petition (which were admitted by a demurrer to be true) were sufficient to authorize the issuing of the writ. *Held*, also, that the act of 1845, entitled "An act for the relief of *Abigail C. Hovey* and *Lorenzo D. Hovey* of *Carroll* county," supposing it to be a public act, (it not having been pleaded,) and to be constitutional, of which no opinion was given, could not benefit the defendants in this proceeding; they not having shown that they had given the security required by that act.

Monday,
December 8.
ERROR to the *Carroll* Circuit Court. The petition in this case prayed that the writ should be directed to *Lorenzo D. Hovey* and wife, commanding them to have the body of the infant, &c., before the Court, &c. The writ was granted accordingly.

Blackford, J.—This was a writ of *habeas corpus*, issued by the *Carroll* Circuit Court, on the petition of *Austin W. Morris*. The petition states that the petitioner is the guardian of the person and property of *Caroline Morris*, an infant of about the age of ten years; that she is the daughter of *Milton M. Morris*, deceased, and his wife *Abigail*, who has, since her said husband's death, married *Lorenzo D. Hovey;* that the said infant is, by the said *Lorenzo* and his said wife *Abigail*, illegally restrained of her liberty, and detained from the custody of the petitioner in the county of *Carroll*. The petition was sworn to. The writ of *habeas corpus* was directed to the said *Lorenzo D. Hovey* and *Abigail* his wife, &c., and was returnable to the Court on the 25th of *April*, 1845. The defendants, in obedience to the writ, brought the infant into Court, and demurred to the petition. The demurrer was overruled; and the defendants refusing to withdraw the demurrer and answer the petition, the Court ordered the infant to be delivered to the petitioner.

The defendants, instead of demurring to the petition, should have moved to quash the writ of *habeas corpus*, on the ground of the alleged insufficiency of the petition. But the form of the proceeding is not now material. The question raised by either course is the same, viz., was sufficient cause shown to authorize the issuing of the writ? That question was decided in the affirmative; and the defendants showing no cause for detaining the infant, she was delivered to her guardian.

As the facts stated by the petition are admitted by the demurrer, we see no reason for objecting to the opinion of the Court. After the second marriage of the mother, another person might be appointed guardian of the person of the infant, according to the act of 1843. R. S. 1843, p. 608. The petitioner alleges himself to be the guardian of the person and property of the infant, which allegation can only mean, that he is the legally appointed guardian of her person and property.

The defendants rely on the statute of *January* the 13th, 1845, entitled "An act for the relief of *Abigail C. Hovey* and *Lorenzo D. Hovey* of *Carroll* county." Supposing that act to be a public one (it not having been pleaded), and that the same is constitutional, of which we give no opinion, still it cannot benefit the defendants in this proceeding in the Circuit Court; it not being shown by them that they had given security to the satisfaction of the Probate Court, that the infant should be clothed, and educated, and reared in a becoming manner. Local Laws, 1845, p. 97.

*Per Curiam.*—The judgment is affirmed with costs.

*A. L. Robinson*, for the plaintiffs.

*H. P. Biddle*, for the defendant.